

# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division: | Case Number: 2131-CC01116 |
|---|---|
| JASON R BROWN | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
| NEKEIDRA N ELLIS | CHAD GARRETT MANN |
| | 2005 W CHESTERFIELD BLVD |
| | UNIT 108 |
| vs. | SPRINGFIELD, MO  65807 |
| Defendant/Respondent: | Court Address: |
| ROCK EQUIPMENT RENTALS LLC | JUDICIAL COURTS FACILITY |
| Nature of Suit: | 1010 N BOONVILLE AVE |
| CC Pers Injury-Vehicular | SPRINGFIELD, MO  65802 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
(Except Attachment Action)

**The State of Missouri to:** ROCK EQUIPMENT RENTALS LLC
Alias:

**SERVE: CORP SERV CO**
**505 5TH AVE STE 729**
**DES MOINES, IA 50309**

**COURT SEAL OF**

**GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| 10/14/2021 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees**
Summons    $ _____
Non Est    $ _____
Mileage    $ _____ ( _____ miles @ $ _____ per mile)
Total      $ _____

See the following page for directions to officer making return on service of summons.

OSCA (07-18) SM60 (SMOS) For Court Use Only: Document ID# 21-SMOS-126    1 of 2  (2131-CC01116)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:21-cv-03299-LMC   Document 1-1   Filed 11/22/21   Page 1 of 8

**EXHIBIT A**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) *For Court Use Only*: Document ID# 21-SMOS-126    2 of 2 **(2131-CC01116)**    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:21-cv-03299-LMC   Document 1-1   Filed 11/22/21   Page 2 of 8

EXHIBIT A

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| NEKEIDRA N. ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| GERALD A. SHEPARD, ) | |
| Serve at: 4616 1st Avenue ) | |
| Palmetto, FL 34221 ) | |
| ) | |
| and ) | |
| ) | |
| ROCK EQUIPMENT RENTALS, LLC, ) | |
| Serve at: Corp. Serv. Co. ) | |
| 505 5th Ave. Ste. 729 ) | |
| Des Moines, IA 50309 ) | |
| ) | |
| Defendants. ) | |

**PETITION**

COMES NOW Plaintiff, Nekeidra N. Ellis, by and through her attorneys of record, Law Offices of Bryan Musgrave, P.C. for her cause of action in this matter, states as follows:

1. This claim is brought pursuant to this Court's original jurisdiction over all cases and matters, such jurisdiction granted by RSMo § 478.070.

2. The amount of controversy exceeds Twenty-Five Thousand Dollars ($25,000.00).

3. Venue is proper under RSMo § 508.010 as Plaintiff's cause of action accrued in Springfield, Greene County, State of Missouri.

4. Plaintiff Nekeidra N. Ellis, at all times material hereto, is and has been a resident of Gwinnett County, Lawrenceville, GA.

5. Upon information and belief, at all times material hereto, Defendant Rock Equipment Rentals, LLC is a limited liability company formed under the laws of Iowa and did business, by purposeful availment of the same, in the State of Missouri on the date of the accident, and is a

1

company with its registered agent as Corporation Service Company with an address of 505 5th Ave. Ste. 729; Des Moines, IA 50309, and further Defendant Gerald A. Shepard is and has been a resident of Manatee County, Palmetto, FL.

6. On or about September 26, 2019, at approximately 11:00 am, Plaintiff Nekeidra N. Ellis was operating a 2018 Freightliner Corp Conventional on Missouri Highway 744 traveling westbound in the right lane, near where Missouri Highway 744 intersects Mayfair Avenue, in Greene County, Missouri.

7. At said time and place, Defendant Gerald A. Shepard was operating a 2014 Kenworth Motor Truck Co. 6011, backing out of a private driveway traveling southbound, near where Missouri Highway 744 intersects Mayfair Avenue, in Greene County, Missouri.

## COUNT I – NEGLIGENCE
### (Gerald A. Shepard)

COMES NOW Plaintiff Nekeidra N. Ellis and, for Count I of her cause of action against Defendant Gerald A. Shepard, Plaintiff adopts by reference paragraphs 1-7 and all subparagraphs *hece verba*, and further alleges and states as follows:

8. At said time and place, Defendant Gerald A. Shepard negligently operated his vehicle in such a way so as to cause the rear of his vehicle to strike the trailer Plaintiff's vehicle was pulling; thereby, causing the accident at issue here.

9. Defendant Gerald A. Shepard was negligent in the following acts and omissions:

    (a) in failing to keep a careful lookout;

    (b) in driving at an excessive speed under the circumstances;

    (c) in failing to operate Defendant's vehicle in a careful and prudent manner and with the highest degree of care so as to avoid causing damage and injury to others;

(d) in failing to stop, slow, change speed, swerve, or otherwise take evasive action after the danger of a collision with Plaintiff's vehicle or person was or should have been apparent to Defendant;

(e) in failing and omitting to keep Defendant's motor vehicle under such control that it could have been brought to a safe position upon the first appearance of danger.

10. As a direct and proximate result of Defendant Gerald A. Shepard's negligence, Plaintiff Nekeidra N. Ellis sustained severe injury to Plaintiff's lower back, upper back, right shoulder, and neck. She has suffered all of the above injuries, pain, loss of pleasure, and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling and progressive.

11. By reason of Nekeidra N. Ellis's injuries, Plaintiff paid or became obligated for items of expense in obtaining and receiving medical care and treatment.

12. By reason of Nekeidra N. Ellis's injuries, in the future plaintiff will pay or become obligated for items of expense in obtaining and receiving medical care and treatment.

13. Prior to the aforesaid injuries, Plaintiff was an able-bodied person, capable of doing and performing work and labor. As a direct and proximate result of Nekeidra N. Ellis's injuries, she has suffered and in the future will continue to suffer, an impaired and diminished capacity for work and labor.

## COUNT II – HUMANITARIAN NEGLIGENCE
### (Gerald A. Shepard)

COMES NOW, Plaintiff, Nekeidra N. Ellis, and for Count II of her cause of action against Defendant Gerald A. Shepard, and hereby adopts by reference paragraphs 1-13, and all subparts thereto, as if stated verbatim herein, and states as follows:

14. As a result of the facts set forth above, Plaintiff was in a position of peril at the time of the accident in question here.

3

Case 6:21-cv-03299-LMC   Document 1-1   Filed 11/22/21   Page 5 of 8

EXHIBIT A

15. Defendant, Gerald A. Shepard, had notice of Plaintiff's position of peril, having actually realized the same, and/or having been placed on constructive notice per Defendant's duty to be on the lookout and exercise the highest degree of care.

16. Defendant, Gerald A. Shepard, after being deemed to be on notice of Plaintiff's peril, had the present ability, with the means at hand, to have averted the impending injury to Plaintiff.

17. Specifically, Defendant, Gerald A. Shepard, had the ability to stop, warn, and/or swerve to avoid the accident at issue here.

18. Despite Defendant's, Gerald A. Shepard's, ability to stop, warn, and/or serve to avoid the accident at issue here, Defendant failed to exercise ordinary care to avert such impending injury.

19. As a direct and proximate result of Defendant's, Gerald A. Shepard's, failure to stop, warn, and/or serve, Plaintiff suffered the injures at issue in this matter.

## COUNT III – RESPONDEAT SUPERIOR
### (Rock Equipment Rentals, LLC)

COMES NOW Plaintiff Nekeidra N. Ellis and, for Count III of her cause of action against Defendant Rock Equipment Rentals, LLC, Plaintiff adopts by reference paragraphs 1-19 and all subparagraphs *hece verba*, and further alleges and states as follows:

20. Defendant Rock Equipment Rentals, LLC's control, right to control and/or management of its employee and agent Gerald A. Shepard is found in the following acts:

   (a) in supplying the above-mentioned vehicle to Gerald A. Shepard;

   (b) in directing Gerald A. Shepard's use of said vehicle;

   (c) in inspecting said vehicle to ensure it is in good working order;

   (d) in loading and unloading said vehicle;

   (e) in performing maintenance on said vehicle;

   (f) in keeping said vehicle fit for its intended use;

Electronically Filed - Greene - October 12, 2021 - 02:21 PM

(g) in directing the destination of said vehicle while in Gerald A. Shepard's care and use;

(h) in that Gerald A. Shepard's acts of driving said vehicle were performed to serve the interests of Rock Equipment Rentals, LLC under an express or implied order or agreement.

21. Gerald A. Shepard's negligence is imputed to Defendant Rock Equipment Rentals, LLC.

22. As a direct and proximate result of Defendant Rock Equipment Rentals, LLC's negligence, Plaintiff Nekeidra Ellis sustained severe injury to Plaintiff's lower back, upper back, right shoulder, and neck. She has suffered all of the above injuries, pain, loss of pleasure, and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling and progressive.

23. By reason of Nekeidra N. Ellis's injuries, Plaintiff paid or became obligated for items of expense in obtaining and receiving medical care and treatment.

24. By reason of Nekeidra N. Ellis's injuries, in the future Plaintiff will pay or become obligated for items of expense in obtaining and receiving medical care and treatment.

25. Prior to the aforesaid injuries, Plaintiff was an able-bodied person, capable of doing and performing work and labor. As a direct and proximate result of Nekeidra N. Ellis's injuries, she has sustained lost wages.

WHEREFORE, Plaintiff Nekeidra N. Ellis prays that she be awarded fair and reasonable damages, and any additional relief as this Court may deem just and proper under the circumstances, against the defendants named herein.

EXHIBIT A

Electronically Filed - Greene - October 12, 2021 - 02:21 PM

Respectfully submitted,

LAW OFFICES OF BRYAN MUSGRAVE, P.C.

_____
Chad G. Mann
Missouri Bar No. 70213
2005 W. Chesterfield Blvd., Suite 108
Springfield, Missouri 65807
(417) 322-2222
(417) 322-6000 (fax)
chad@bryanmusgrave.com
ATTORNEYS FOR PLAINTIFF

6

**EXHIBIT A**